# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 11, 2025

```
* * * * * * * * * * * * *
TRACY BARNHART                    *
parent of A.B., a minor,          *
                                  *
            Petitioner,           *            No. 23-439V
                                  *
v.                                *            Special Master Gowen
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
            Respondent.           *
* * * * * * * * * * * * *
```

*Edward Kraus*, Kraus Law Group, LLC, Chicago, IL, for petitioner.
*Mary Novakovic*, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION ON STIPULATION[1]

On March 29, 2023, Tracy Barnhart ("petitioner"), filed a Petition for Compensation in the National Vaccine Injury Compensation Program on behalf of her minor child A.B. [2] *See* Petition (ECF No. 1). Petitioner alleged that A.B. suffered from immune thrombocytopenic purpura ("ITP") as a result of the measles, mumps, and rubella ("MMR") vaccine she received on July 9, 2020. *Id.* at Preamble, ¶ 2.

On April 10, 2025, respondent filed a Stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation ¶ 7 (ECF No. 43). Respondent "denies that A.B. sustained an ITP Table injury, denies that the vaccine caused A.B.'s alleged ITP, or any other injury, and denies that A.B.'s current condition is a sequela of a vaccine related injury." *Id.* at ¶ 6. Nevertheless, maintaining their respective positions, the parties "now agree

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

that the issues between them shall be settled and that a decision should be entered awarding" compensation according to the terms of the Stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The Stipulation provides:

1) **An amount of $125,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"),**

   **This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.* at ¶ 8.

I adopt the parties' Stipulation attached hereto and award compensation in the amount and on the terms set forth therein. Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the Stipulation and this Decision.[3]

**IT IS SO ORDERED.**

<u>**s/ Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

TRACY BARNHART, parent of A.B., a
minor,

              Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

              Respondent.

No. 23-439V
Special Master Gowen
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On March 29, 2023, Tracy Barnhart ("petitioner"), on behalf of her minor child, A.B.,
filed a petition for vaccine compensation under the National Vaccine Injury Compensation
Program, 42 U.S.C. §300aa-10 to -34 (the "Vaccine Program"). The petition seeks
compensation for injuries allegedly related to A.B.'s receipt of a measles, mumps, and rubella
("MMR") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"). 42
C.F.R. § 100.3(a).

2. A.B. received the MMR vaccine on July 9, 2020.

3. The vaccine was administered within the United States.

4. Petitioner alleges that A.B. suffered from a Table injury of immune thrombocytopenic
purpura ("ITP") as a result of receiving the MMR vaccine. Petitioner alleges that A.B.
experienced the residual effects of the alleged condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action
for damages on A.B.'s behalf as a result of A.B.'s condition.

1

6. Respondent denies that A.B. sustained an ITP Table injury; denies that the vaccine caused A.B.'s alleged ITP, or any other injury; and denies that A.B.'s current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions. the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation. and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

    a. An amount of **$125,000.00** to purchase the annuity contract described in paragraph 10 below. paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. The Life Insurance Company must have a minimum of $250.000.000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++. A+, A+g. A+p. A+r. orA+s:

    b. Moody's Investor Service Claims Paying Rating: Aa3. Aa2, Aa1, orAaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+. or AAA;

    d. Fitch Credit Rating Company. Insurance Company Claims Paying Ability Rating: AA-. AA, AA+. or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of A.B., pursuant to which the Life Insurance Company will make payment to A.B. for all damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

a. A certain lump sum payment of $180,931.29 on June 3, 2033.

The purchase price of the annuity described in this paragraph shall neither be greater than nor less than $125,000.00. In the event that the cost of the annuity set forth above varies from $125,000.00, the actual lump sum payable on June 3, 2033, shall be adjusted accordingly to ensure that the total cost of the annuity is neither less nor greater than $125,000.00. Should A.B. predecease the certain payment set forth above, said payment shall be made to her estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of A.B.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 13 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity

3

payments called for herein. nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

13. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1). and an application. the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

14. Petitioner and petitioner's attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g). including State compensation programs, insurance policies. Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

15. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 13 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

16. The parties and their attorneys further agree and stipulate that. except for any award for attorney's fees and litigation costs. and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of A.B. as contemplated by a strict

4

construction of 42 U.S.C. § 300aa-15(a) and (d). and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

17. Petitioner represents that petitioner presently is, or if necessary will become, authorized to serve as guardian/conservator of A.B.'s estate as may be required under the laws of the State of Illinois.

18. In return for the payments described in paragraphs 8 and 13. petitioner. in petitioner's individual capacity, and as legal representative of A.B.. on petitioner's behalf and on behalf of A.B. and A.B.'s heirs. executors. administrators. successors, or assigns, does forever irrevocably and unconditionally release, acquit. and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements. judgments, claims, damages, loss of services. expenses, and all demands of whatever kind or nature) that have been brought. could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10 et seq.. on account of. or in any way growing out of. any and all known or unknown, suspected or unsuspected personal injuries to or death of A.B. resulting from. or alleged to have resulted from, the MMR vaccination administered on July 9, 2020, as alleged by petitioner in a petition for vaccine compensation filed on or about March 29, 2023, in the United States Court of Federal Claims as petition No. 23-439V.

19. If A.B. should die prior to entry of judgment. this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

20. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

5

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

21. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 13 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

22. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

23. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR vaccine caused A.B.'s alleged ITP or any other injury or A.B.'s current condition.

24. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of A.B.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

TRACY BARNHART

**ATTORNEY OF RECORD FOR PETITIONER:**

EDWARD KRAUS
Kraus Law Group, L.L.C.
111 W. Jackson Blvd., Ste. 1700
Chicago, IL 60604
Tel: (312) 858-2177
Email: ekraus@krauslawyers.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Jeffrey S. Beach -S
Digitally signed by Jeffrey S. Beach -S
Date: 2025.03.04 13:31:58 -05'00'    for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

MARY NOVAKOVIC
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-2879
Email: Mary.E.Novakovic@usdoj.gov

Dated: April 10, 2025

7